1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HYON F.,

                        Plaintiff,

        v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.

Case No. 3:23-cv-5559-TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

12      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

13   defendant's denial of plaintiff's application for supplemental security income ("SSI") to

14   28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the

15   parties have consented to have this matter heard by the undersigned Magistrate Judge.

16   Dkt. 2. Plaintiff challenges the Administrative Law Judge's decision finding that plaintiff

17   was not disabled. Dkt. 5, Complaint.

18      On February 25, 2020, plaintiff filed an application for supplemental security

19   benefits, alleging a disability onset date of January 9, 2004. AR 243. The claim was

20   denied initially and upon reconsideration. 101, 108. On October 21, 2021, a hearing was

21   conducted by Administrative Law Judge ("ALJ") Lawrence Lee. AR 39-44. Plaintiff

22   amended the alleged onset date to February 14, 2020. AR 42. The hearing was set over

23   to allow for testimony from a neurologist. AR 43-44. On July 6, 2022 ALJ Lee conducted

24   the follow up hearing. AR 46-71. On August 3, 2022 the ALJ issued an unfavorable

25

decision finding plaintiff not to be disabled. AR 12-30. On August 11, 2022 the Appeals Council declined review. AR 1-4. Plaintiff filed an appeal.

DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

**A. Whether the ALJ erred in finding that plaintiff was capable of light work, rather than sedentary work.**

Plaintiff argues that the ALJ should have limited the residual functional capacity ("RFC") to the sedentary exertional level, because the ALJ limited plaintiff to standing and walking for 2 hours of an 8-hour workday. Dkt. 9 at 4.

Residual functional capacity is the most a claimant can do despite existing limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. § 404,

1    Subpart P, App. 2 § 200.00(c). The ALJ is responsible for determining a plaintiff's RFC.

2    20 C.F.R. § 404.1546(c).

3            The ALJ determined that plaintiff's RFC was at the light exertional level, but with

4    additional limitations:

5            claimant would be further limited to lifting 20 pounds occasionally and 10 pounds
        frequently; sitting for 6 hours, standing for 2 hours, and walking for 2 hours;
6            push/pull as much as can lift/carry; occasional reaching overhead to the left, but
        for all other reaching the claimant can reach frequently to the left; the claimant
7            could handle items frequently with the left hand, and can handle items frequently
        with the right hand; the claimant could feel frequently on the left, and feel
8            frequently on the right; the claimant could climb ramps and stairs occasionally,
        but never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch,
9            and crawl; the claimant can never work at unprotected heights or moving
        mechanical parts; and the claimant must be able to get up and stretch at the
10           workstation without being off task.

11   AR 23. The Administration has issued a ruling elaborating on the light exertional level:

12           The regulations define light work as lifting no more than 20 pounds at a
        time with frequent lifting or carrying of objects weighing up to 10 pounds.
13           Even though the weight lifted in a particular light job may be very little, a
        job is in this category when it requires a good deal of walking or standing -
14           - the primary difference between sedentary and most light jobs. A job is
        also in this category when it involves sitting most of the time but with some
15           pushing and pulling of arm-hand or leg-foot controls, which require greater
        exertion than in sedentary work; e.g., mattress sewing machine operator,
16           motor-grader operator, and road-roller operator (skilled and semiskilled
        jobs in these particular instances). Relatively few unskilled light jobs are
17           performed in a seated position.

18   SSR 83-10. While these positions may be uncommon, a job may be classified as light

19   even if it does not require an abundance of standing and walking -- if it involves sitting

20   while using hand or foot controls, or it requires lifting up to 20 pounds maximum or 10

21   pounds frequently. 20 C.F.R. § 404.1567(b).

22           Plaintiff objects to the designation of light work, arguing that the standing and

23   walking limitation should have placed him in the sedentary range. Dkt. 9 at 4. Plaintiff

24

25                                               3

does not assert that he is unable to meet the lifting requirements of light work, or that he is unable to perform a seated job involving pushing and pulling and hand and foot controls. Plaintiff also does not challenge the opinion of independent medical expert Dr. Lauren Frey, M.D., that was adopted by the ALJ and incorporated into the RFC. *See* AR 29, 1598-1600.

The ALJ assessed plaintiff's RFC to be between the light and sedentary exertional levels – he is capable of standing and walking at a sedentary exertional level, and capable of lifting, carrying, pushing, and pulling at the light exertional level. AR 23. *See* 20 C.F.R. § 404, Subpart P, App. 2. This assessment was supported by substantial evidence, specifically the opinion from Dr. Frey., unchallenged by plaintiff; therefore, the ALJ did not err. *See* AR 29, 1598-1600.

**B. Whether the ALJ improperly relied on vocational expert testimony.**

Pursuant to SSR 83-12, "[i]f the exertional level falls between two rules which direct opposite conclusions, i.e. "Not disabled" at the higher exertional level and "Disabled" at the lower exertional level... and the individual's exertional limitations are somewhere 'in the middle'" the ALJ is advised to consult a vocational expert for assistance. SSR 83-12; *see also Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) (where the plaintiff's exertional level falls between two of the grid rules, the ALJ should consult a vocational expert as to whether there are any jobs a claimant can do despite their limitations).

At the hearing, the ALJ consulted a vocational expert ("VE") who opined that there were jobs available that would be appropriate for plaintiff's RFC. AR 67-71. The vocational expert identified three positions involving light work -- performed

1   predominately seated with a total of two hours walking and standing per day: Office

2   Helper (DOT 239.567-010), labeler (DOT 295.367-026)[1], and Storage Rental Clerk

3   (DOT 295.367-026). AR 68. On inquiry from the ALJ, the vocational expert testified that

4   the light level jobs can be performed even with the stand/walk limitations. AR 68.

5        Plaintiff argues that the ALJ erred by relying on the VE's testimony because the

6   VE did not provide a proper explanation as to the conflict between the VE's testimony

7   and the requirements of the identified positions as per the DOT. Dkt. 9 at 6-8. Here, the

8   ALJ provided a hypothetical to the VE that included the standing and walking limitations

9   along with plaintiff's other limitations as described in the RFC. AR 67. After the ALJ

10  provided the three light level jobs that he determined plaintiff could perform with the

11  limitations described by the RFC, the ALJ asked the VE, "in your opinion then, your

12  training, experience, that these jobs can be performed – these are light level jobs but

13  they still can be performed even with the stand/walk limitation. Is that right?" AR 68. The

14  ALJ responded affirmatively, "[t]hat is correct, yes. Yes." *Id*.

15       The ALJ is entitled to rely on testimony derived from a vocational expert's

16  experience. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A [vocational

17  expert's] recognized expertise provides the necessary foundation for his or her

18  testimony. Thus, no additional foundation is required."); *Lamear v. Berryhill*, 865 F.3d

19  1201, 1205 (9th Cir. 2017) (the opinion of the VE is presumed to comport with the

20  DOT). Where the VE's testimony may depart from the information listed in the

21  Dictionary of Occupational Titles (DOT), the ALJ must ask the VE to resolve any

22

23  [1] The ALJ's decision cites labeler as DOT 295.367-026, the DOT number for storage rental clerk; this appears to be a clerical error, in the transcript of the hearing the VE identifies the DOT number for labeler to be 229.587-018. *See* AR 32, 68

24

25                                           5

apparent conflicts between the VE testimony and the DOT before relying on the opinion of the VE. SSR 00-4p; *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016); *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (an ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether or not the testimony conflicts with the [DOT]").

The jobs cited by the VE, office helper, labeler, and storage rental clerk do not obviously require more walking than accounted for in plaintiff's RFC; office helper (DOT 239.567-010) is an office based job, labeler (DPT 295.367-026) involves adhering labels to items, and storage rental clerk (DOT 239.567-010) involves leasing storage space. Because there is not an obvious or apparent conflict between the DOT and the VE's testimony, the ALJ did not have a duty to ask the VE to resolve the conflict. *Gutierrez*, 844 F.3d at 807-808. Furthermore, the VE affirmatively answered that the jobs could be performed even with the stand/walk limitation when prompted by the ALJ. Therefore, the ALJ did not err in relying on the VE's testimony.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is AFFIRMED.

Dated this 19th day of March, 2024.

Theresa L. Fricke
United States Magistrate Judge